Argued and submitted June 12, affirmed September 4, 1991

# GENERAL MOTORS
# ACCEPTANCE CORPORATION,
*Appellant,*

*v.*

# NATIONWIDE MUTUAL
# FIRE INSURANCE COMPANY,
*Respondent.*

(89C-699754; CA A66337)

816 P2d 704

David R. Maier, Portland, argued the cause for appellant. With him on the brief was Hutchinson, Hooper & Maier, Portland.

Cynthia A. Croft, Portland, argued the cause for respondent. With her on the brief was MacMillan & Scholz, P.C., Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff had a security interest in Robinson's vehicle. Robinson insured the vehicle with defendant, naming plaintiff as the loss payee. In 1989, Robinson was involved in an automobile accident, and the vehicle was damaged beyond repair. He settled with the tortfeasor and signed a full release. He did not notify defendant of the accident and did not apply the proceeds of the settlement to his debt with plaintiff. Plaintiff repossessed the vehicle, sold it for its salvage value and submitted a claim to defendant for the loss of its collateral under the loss payee provision of Robinson's insurance contract.[1] When defendant denied the claim, plaintiff filed this action for breach of contract. Both parties filed summary judgment motions, and the trial court granted defendant's. Plaintiff appeals. We affirm.

There is no dispute but that Robinson cannot collect from defendant, because he breached the contract by failing to notify defendant of the accident and by releasing the tortfeasor, thereby prejudicing defendant's subrogation rights. The issue is whether plaintiff may recover nonetheless.

The loss payable clause of Robinson's insurance contract provides, in part:

"This endorsement applies to the Comprehensive and Collision coverages provided by this policy. It protects the lienholder named in the policy Declarations.

"Payment for loss will be made according to the interest of the policyholder and lienholder. Payment may be made to both jointly, or to either separately. Either way, the company will protect the interests of both.

"The lienholder's interest will be protected, except from fraud or omissions by the policyholder or the policyholder's representative."

In that clause, defendant promises to protect the lienholder's interest but does not specify what that interest

---

[1] Robinson owed plaintiff $6,583.85 at the time of the accident. The tortfeasor's insurance company determined the value of Robinson's vehicle to be $5,600. It paid Robinson $4,800, withholding $800 until plaintiff released the title. Plaintiff sold the repossessed vehicle for its salvage value, $632.60. It now seeks $5,600 from defendant.

is. The contract also states that defendant will not protect the lienholder from "omissions" by the policyholder, but does not define the word "omissions." We, therefore, apply the common meaning of the word. *See Totten v. New York Life Ins. Co.,* 298 Or 765, 771, 696 P2d 1082 (1985). "Omission" means "something neglected or left undone." *Webster's New Collegiate Dictionary* 800 (1974).

Plaintiff argues that there is no omission here, because

"[n]othing in defendant's policy requires [the policyholder] to make a claim under his policy. He did not omit the performance of any action which the policy requires."

Plaintiff is incorrect. The contract states:

*"INSURED PERSONS' DUTIES*

*"The insured* or someone on his behalf will:

"(a)   give *us* or *our* agent written notice of all accidents, occurrences, and losses as soon as practicable, and proof of claim if required.

"* * * * *

"(c)   immediately deliver to *us* all papers in connection with any claims or suits." (Emphasis in original.)

Robinson is the only named insured in the contract, and plaintiff does not argue that it was acting on Robinson's behalf. Robinson's failure to give written notice of the accident was an omission under the policy. It relieved defendant of its duty to protect plaintiff's interest, and the court correctly granted defendant's motion for summary judgment.

In view of our disposition of the case, we need not address plaintiff's other assignment of error.

Affirmed.